Thomas FOSTER, Appellant–Plaintiff,

v.

**AUTO–OWNERS INSURANCE,
CO., Appellee–Defendant.**

No. 71S04–9807–CV–390.

Supreme Court of Indiana.

Dec. 10, 1998.

Anthony V. Luber, South Bend, for Appellant–Plaintiff.

Jerry E. Huelat, Tracy A. Arney, Michelle A. Blackwell, Michigan City, for Appellee–Defendant.

## ON PETITION TO TRANSFER

BOEHM, Justice.

■ We hold, as we have before, that an insurance company may void coverage based on a material misrepresentation in the application. We also hold that the submission of an application containing accurate information does not put the insurance company on inquiry notice of that information to cure misstatements or omissions in another application.

### Factual and Procedural Background

In February 1994, Auto–Owners Insurance Company issued a policy for fire insurance to Thomas Foster covering rental residential property at 422 South Jackson Street in South Bend. Foster had applied for the coverage by signing a written application on February 9, 1994. At or about the same time Foster had submitted applications for several other rental properties he owned in the South Bend area. All of these applications had been filled out by Mary Lawson, a representative of ISU/Cassaday, Neeser, and Brasseur Insurance Agency, based on information provided by Foster in a telephone conversation on February 3, 1994. All of these applications were denied except the one for 422 South Jackson.

The application for 422 South Jackson contained a false statement. In answer to the request to "List all losses for past 5 years at this or other location," the box "None" was checked. In fact, Foster had suffered at least three fire losses in the immediately preceding five years. Foster's signature appears on the application below the "Applicant's Statement" which provides: "I declare the facts in this application to be true and request the Company to issue this insurance and any renewals thereof in reliance thereon." Foster's policy was issued by Auto–Owners on February 25 with coverage effective February 3, 1994. The rejected applications are not in the record. Foster supplied an affidavit stating that he believed they "contained the information requested."

On May 10 and 15, 1994 the property at 422 South Jackson suffered fire losses. Foster submitted claims to Auto–Owners, and when the claims were rejected Foster sued Auto–Owners on the insurance contract. Auto–Owners moved for summary judgment, arguing that, as a matter of law, it was entitled to rescind the insurance contract because Foster made material misstatements in his application and that Auto–Owners would not have issued the policy if it had been informed of Foster's prior loss history.[1] The trial court granted summary judgment for Auto–Owners.

---

1. In the alternative, Auto–Owners argued that it was relieved from performing under the contract because Foster breached the contract by failing to cooperate with Auto–Owners request for documents related to its investigation of the fires. In light of our disposition of the other issues, we need not and do not address this contention.

The Court of Appeals reversed, finding a material issue of fact as to whether Foster's multiple accurate applications put Auto–Owners on inquiry notice of his loss history. We granted transfer and now affirm the trial court.

### Standard of Review

Summary judgment is appropriate when the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Although Foster has the burden of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that Foster was not improperly denied his day in court. *Erie Ins. Co. v. George*, 681 N.E.2d 183, 186 (Ind. 1997); *Mullin v. Mun. City of South Bend*, 639 N.E.2d 278, 280–81 (Ind.1994). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Wright v. Carter*, 622 N.E.2d 170, 171 (Ind.1993).

Foster argues that two genuine issues of material fact preclude summary judgment: (1) did Lawson's relationship to Auto–Owners impute her knowledge to the insurance company, and (2) was Auto–Owners on inquiry notice of Foster's loss history based on other, apparently accurate, applications rejected by Auto–Owners.

### I. Material Misrepresentation and Lawson's Relationship to Auto–Owners

▮ As we recently stated in *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 672 (Ind.1997), "a material misrepresentation or omission of fact in an insurance application, relied on by the insurer in issuing the policy, renders the coverage voidable at the insurance company's option." The material misrepresentation prevents a "meeting of the minds" as to the risk to be insured. *Id.; see also Stockberger v. Meridian Mut. Ins. Co.*, 182 Ind.App. 566, 577, 395 N.E.2d 1272, 1279 (1979) (insurance contract requires a meeting of the minds of the parties). Auto–Owners designated uncontradicted evidence, including affidavits from a claims representative and an underwriter, that if Foster had provided accurate information about his prior

fire losses, Auto–Owners would not have issued the policy for 422 South Jackson. "[A] misrepresentation or omission is 'material' if knowledge of the truth would have caused the insurer to refuse the risk." *Guzorek*, 690 N.E.2d at 672. "[C]overage of the incurred loss would be voided if the misrepresentation affected that risk, but not all coverage would necessarily be voided." *Id.* at 673. Because the loss—fire damage—is precisely the subject of the omission on Foster's application the omission plainly affected the risk for which Foster now seeks coverage.

▮ Foster disputes neither the fact that he signed the application nor that it contained a misrepresentation. Rather, he contends that there is a genuine issue of material fact as to whether he made any misrepresentation. He contends he gave truthful information to the insurance agent Lawson, and that Lawson was an authorized representative of Auto–Owners. As a result, Foster asserts that he made no misrepresentation. He argues that the trial court's finding that Lawson was a limited agent is not supported by the designated materials and that contrary evidence presents a genuine issue of fact.

Even if there are factual issues as to the nature of Lawson's agency, their resolution is immaterial to the issues in this case. Foster's signature on the application makes him responsible for the misrepresentation regardless of Lawson's capacity as an agent. In *Metropolitan Life v. Alterovitz*, 214 Ind. 186, 14 N.E.2d 570 (1938) an applicant for life insurance signed his application as it was filled out by the insurance company's doctor without correcting errors made by the doctor regarding his treatment history. This Court held that the insurance company was entitled to void the contract based on fraud and misrepresentation and reversed a jury verdict for the beneficiary of the policy. Although the insurance company's own doctor had included the incorrect information on the application after being told the correct information by the applicant, the Court found that an applicant for life insurance contract was not "relieved from the duty of exercising the same ordinary care and prudence that is required in every other business transaction.

It is the duty of every man to read what he signs." *Id.* at 196, 14 N.E.2d at 574; *see also Federal Kemper Ins. Co. v. Brown*, 674 N.E.2d 1030 (Ind.Ct.App.1997) (applicant for insurance is chargeable with fraud based on his signature certifying the contents of the application as true and correct), *trans. denied*, 690 N.E.2d 1190 (Ind.1997) (table).[2] In sum, because Foster signed the application, he is responsible for the information in it, including the inaccurate report of loss history, regardless of the nature of Lawson's agency relationship with Auto–Owners. Accordingly, there is no genuine issue of material fact as to Auto–Owners right to void the contract based on the material misrepresentation on the application.

## II. Inquiry notice

■■■ Foster argues that the rejected applications for insurance on other properties put Auto–Owners on inquiry notice of his prior fire losses. He argues that Auto–Owners issued the policy on 422 South Jackson with notice of his losses and therefore waived the right to void the coverage. The Court of Appeals found that the evidence of Foster's simultaneous filing of applications with inconsistent information created a question of fact as to Auto–Owners' constructive notice of the accurate information. Accordingly, the Court of Appeals reversed the trial court's grant of summary judgment for Auto–Owners.

Foster is correct that "an insurer cannot avoid coverage where it had knowledge of the facts notwithstanding the material misrepresentations, or where a reasonable person would have investigated further" *Guzorek*, 690 N.E.2d at 674; *Johnson v. Payne*, 549 N.E.2d 48, 51–52 (Ind.Ct.App.1990). However, "the insurer may rely on representations of fact in the application without investigating their truthfulness" and has "no duty to look beneath the surface" of the representations on the application. *Guzorek*, 690 N.E.2d at 674; *see also State Farm Mut.*

*Auto. Ins. Co. v. Price*, 181 Ind.App. 258, 261, 396 N.E.2d 134, 137 (1979).

We find no designated evidence in this record to support a finding that Auto–Owners was in fact on notice of the omissions in the 422 South Jackson application based on the submission of applications for other property owned by Foster or from any other source. Foster's evidence consists of his affidavit that he submitted multiple applications for insurance on other properties that were all rejected. He also states that he believed these contained all the proper information. Assuming that his affidavit is sufficient to establish that the other applications contained accurate accounts of his loss history, this is insufficient to create a genuine issue of material fact.

■■■ Foster cites no authority from this Court or any other court holding that the submission of applications, some of which contain complete and accurate information, cures material omissions in another application. Foster designated no evidence suggesting that in the midst of processing hundreds or thousands of applications Auto–Owners did in fact cross-check the accuracy of an application against others submitted by the same applicant. As a matter of law we find no obligation to do so. Imposing this obligation would create the opportunity to play a catch-me-if-you-can game that would ultimately generate additional costs to insurers and no legitimate benefit to insureds. It is not unreasonable to demand that an insured supply accurate and complete information, read the application before signing it, and suffer the consequences if an omission or misstatement in the application is material to a subsequent loss. In this case the undisputed evidence is that if an accurate application had been filed Foster would have been rejected altogether for excessive fire loss history. Accordingly, there is no issue of the appropriate remedy for the omission[3] and

---

2. In *Fed. Kemper* the insurance agent and the applicant intentionally withheld information about a driver to obtain a better rate. Although Auto–Owners does not allege collusion on the part of Foster and Lawson, the rule articulated by *Fed. Kemper* is still applicable as is that of *Alterovitz*.

3. An omission that does not relate to the loss incurred may require a different result. See *Guzorek*, 690 N.E.2d at 673 (leaving open the question whether, if the misrepresentation did not affect the risk, coverage would necessarily be voided).

the trial court correctly entered summary judgment for Auto–Owners.

## Conclusion

The trial court's grant of summary judgment to Auto–Owners is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.