Helene C. UHLMAN, Appellant–
Plaintiff,

v.

Rodrigo R. PANARES, M.D., Individually and in his capacity as Health Officer, and the Hammond Health Department Board of the City of Hammond, Indiana, Appellees–Defendants.

No. 45A05–0812–CV–698.

Court of Appeals of Indiana.

June 30, 2009.

Jeffrey F. Gunning, Pinkerton and Friedman, P.C., Munster, IN, Attorney for Appellant.

Paul A. Rake, John M. McCrum, Michael D. Karras, Eichhorn & Eichhorn, LLP, Hammond, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Helene C. Uhlman appeals from partial summary judgment in favor of Rodrigo R. Panares, M.D., individually and in his capacity as Health Officer; the Hammond

Health Department ("the Department"); the Hammond Board of Health ("the Board"); and the City of Hammond, Indiana,[1] (collectively "Defendants") on Uhlman's complaint filed under the Open Door Law alleging, in relevant part, wrongful termination. Uhlman presents the following issues for review: [2]

1. Whether Uhlman was an at-will employee as Administrator of the Hammond Health Department.

2. Whether Dr. Panares, as Health Officer of the Hammond Health Department, had authority to terminate Uhlman's employment without the approval of the Hammond Board of Health.

We affirm.

## FACTS AND PROCEDURAL HISTORY[3]

In July 2004, the Hammond Board of Health appointed Dr. Panares to be the Health Officer of the Hammond Health Department. At that time, Uhlman was serving as Administrator of the Department, having been employed or appointed by the Board to that position approximately twelve years earlier. On October 4, 2005, Dr. Panares sent a letter as Health Officer, asking Uhlman to resign her position, but Uhlman refused. On October 13,

Dr. Panares sent a second letter to Uhlman, advising her that she was "terminated immediately." Appellant's App. at 46. Uhlman ignored that letter and continued in her position as Administrator of the Department.

On March 2, 2006, Dr. Panares sent Uhlman a letter stating that, "[d]ue to budgetary restraints and departmental reorganization the position of Health Department Administrator will be eliminated.... *Please accept this as notice of your termination as of this date."* Appellant's App. at 30 (emphasis in original). On March 30, a majority of the Board members signed a letter to corporation counsel for the City of Hammond, stating:

> Please be advised that the Hammond Board of Health affirms that Dr. Rodrigo R. Panares, M.D.[,] is the duly appointed Health Officer of the Hammond Health Department and is, in fact, the Health Officer–Administrator of the Health Department.

> We concur with his decision to reorganize the Health Department including the termination of Helene Uhlman as Administrator.

Appellant's App. at 60. At a meeting of the Board on April 12, Dr. Panares "offered" that letter, which was "entered into

---

1. In pleadings filed in the trial court and on appeal, Uhlman incorrectly lists the municipal defendants collectively as the Hammond Health Department Board of the City of Hammond, Indiana. We employ the agency names as clarified and used by Appellees in their brief.

2. Uhlman also contends that the trial court "denied Uhlman of her immediate day in court" by ruling on Defendants' motion for partial summary judgment without a hearing. But Uhlman has not supported that contention with cogent argument. As a result, the

issue is waived. *See* Ind. Appellate Rule 46(A)(8)(a).

3. The Statement of Facts section in Uhlman's Appellant's Brief describes the issues addressed in the partial summary judgment, but does not describe the facts relevant to the issues or provide us with a narrative background of the facts against which to review the issues presented on appeal. The Statement of Facts section in an appellant's brief "shall describe the facts relevant to the issues presented for review" in narrative form. Ind. Appellate Rule 46(A)(6). We remind counsel to comply with this requirement in the future.

the record and approved by the Health Board." *Id.* at 59.

On April 5, 2006, Uhlman filed her Complaint on Open Door Law Violation, alleging in relevant part as follows:

2. Until March 2, 2006, [Uhlman] was the Health Department Administrator of the Hammond Health Department of the City of Hammond, Indiana [sic].

* * *

4. Pursuant to law, the Health Board is responsible for the Department's budget, appropriations, salaries, expenses, Department Management and organization, offices and facilities pursuant to [Indiana] Code [Chapters] 26–20–1[,] 16–20–2 and [ ]16–20–4 and the Board must confirm employment and appointments in hiring and firing generally (pursuant to I.C. 16–20–1–14) and specifically the position held by [Uhlman] (see I.C. 16–20–4–23).

5. On March 2, 2006, [Uhlman] was informed that the Board approved an Amendment to the 2006 budget, a departmental reorganization and terminated her employment as shown in Plaintiff's Exhibit "B"....

6. ... Dr. Panares acted in a manner in which he is not authorized by law to act without Board consent and did so willfully, knowingly, recklessly, and in a malicious manner exceeding the authority granted his position by law.

* * *

8. On information and belief, [Uhlman] alleges that the Board which made these decisions may not be the true or duly constituted and lawful Board of the Health Department of the City of Ham-

mond, Indiana and these acts are *ultra vires.*

9. On information and belief, [Uhlman] alleges that Dr. Panares may not be the duly appointed, acting, authorized or legitimate Health Officer of the City Health Department and his acts are *ultra vires.*

* * *

WHEREFORE, [Uhlman] prays that the Court find for [her] and against the Defendant[s] in the following particulars:

A. ... to void the termination of [Uhlman's] employment as the Administration of the Hammond Health Department;

B. to reinstate [Uhlman's] employment as the legitimate Administrator of the Hammond Health Department and award damages as appropriate....

*Id.* at 26–28.[4]

On June 2, 2006, Defendants filed their motion for summary judgment

on the ground[ ] that there [was] no genuine issue of material fact that [Uhlman], an at-will employee of the Hammond Health Department, was terminated properly by the defendant, Rodrigo R. Panares, M.D., in his capacity as health officer and executive officer of the Hammond Health Department, without the necessity of a board meeting[.]

*Id.* at 33. Following several continuances of a hearing set for the motion, on October 20, 2006, the trial court granted summary judgment to Defendants as follows:[5]

After review of the Memoranda, supporting documentation, statutory and

---

4. Uhlman also filed motions to amend her complaint, but those motions had not been ruled on at the time the trial court granted partial summary judgment.

5. We observe that while Defendants' motion was for "summary judgment," the trial court properly granted only "the Defendants' Motion for *Partial* Summary Judgment." Appellant's App. at 23 (emphasis added).

case law, the Court now Grants the Defendants' Motion for Partial Summary Judgment. There is no genuine issue of material fact regarding [Uhlman's] claim that she was improperly fired as Health Administrator. The Court finds she was an at[-]will employee[ ] and subject to being terminated at any time by Dr. Panares[,] and his decision on her termination was not subject to the Health Board's confirmation. (Even though they did in fact confirm said termination). [sic]

*Id.* at 23.

On July 2, 2008, Defendants filed a motion for entry of a final and appealable order as to the Order granting partial summary judgment. The trial court granted that motion on July 3, 2008.[6] On August 4, Uhlman filed a motion to correct error, which the trial court denied. Uhlman now appeals the entry of partial summary judgment.

## DISCUSSION AND DECISION

### Standard of Review

■ When reviewing summary judgment, this court views the same matters and issues that were before the trial court and follows the same process. *Estate of Taylor ex rel. Taylor v. Muncie Med. Investors, L.P.*, 727 N.E.2d 466, 469 (Ind.Ct. App.2000), *trans. denied.* We construe all facts and reasonable inferences to be drawn from those facts in favor of the non-moving party. *Jesse v. Am. Cmty. Mut. Ins. Co.*, 725 N.E.2d 420, 423 (Ind.Ct.App.

2000), *trans. denied.* Summary judgment is appropriate when the designated evidence demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The purpose of summary judgment is to terminate litigation about which there can be no material factual dispute and which can be resolved as a matter of law. *Zawistoski v. Gene B. Glick Co.*, 727 N.E.2d 790, 792 (Ind.Ct.App.2000).

### Issue One: At–Will Employee

■ Uhlman contends that a question of material fact exists as to whether she was an at-will employee as Administrator of the Health Department.[7] Indiana law provides that if there is no definite or ascertainable term of employment, then the employment is at-will, and is presumptively terminable at any time, with or without cause. *Coutee v. Lafayette Neighborhood Hous. Servs.*, 792 N.E.2d 907, 911 (Ind.Ct.App.2003) (citing *Markley Enters. v. Grover*, 716 N.E.2d 559, 564 (Ind.Ct. App.1999), *trans. denied* ). Our Supreme Court has recognized only three exceptions to the employment-at-will doctrine. Of relevance, if an employee establishes that "adequate independent consideration" supports the employment contract, then the parties are considered to have intended to establish a relationship in which the employer may terminate the employee only for good cause. *Id.* (citing *Orr v. Westminster Village North, Inc.*, 689 N.E.2d

---

6. Judge William E. Davis issued the order granting partial summary judgment on October 19, 2006 (October 23, 2006 according to the Chronological Case Summary). On March 26, 2007, the Supreme Court appointed Special Judge Diane Kavadias Schneider, who issued the order making the partial summary judgment order a final and appealable order.

7. Uhlman's argument that she was not an at-will employee is commingled with her argument that Dr. Panares did not have authority to terminate her as Administrator of the Health Department. We consider each issue separately because the determination of Uhlman's employment status does not resolve whether Dr. Panares, as Health Officer, had authority to terminate her employment.

712, 718 (Ind.1997)).[8] An employee handbook bearing or accompanied by disclaimers that the handbook is not a contract, generally, as a matter of law, does not create a unilateral contract, particularly when the employee has signed the disclaimers. *Orr*, 689 N.E.2d at 721. Whether employment is at-will is a determination of law for the court. *Bee Window, Inc. v. Turman*, 716 N.E.2d 498, 500 (Ind.Ct.App.1999); *Eck & Assoc. v. Alusuisse Flexible Packaging, Inc.*, 700 N.E.2d 1163, 1167 (Ind.Ct.App.1998), *trans. denied.*

Uhlman's argument regarding the nature of her employment is difficult to discern from her Appellant's Brief. She refers to Defendants' reliance on *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712 (Ind.1997), and appears to argue that that case applies only in the private sector:

> Finally, [Defendants'] Reply Memo submitted to the trial court highlights *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712 (Ind.1997)[,] and states that *Orr* makes it clear that written employment policies and employee hand books [sic] do not constitute unilateral contracts which subplant [sic] the at-will doctrine. Yet Uhlman never had a hearing to respond that *Orr* involved a private sector employee-employer relationship and involved an employee handbook.

*Appellant's Brief at 8–9 (citation omitted).* In her reply brief, she clarifies that "she was not an at[-]will employee and was exempted by the Board of Health by the custom and practice and by the Personnel Policies." Reply Brief at 11. We cannot agree with Uhlman's contentions.

In *Orr*, our Supreme Court maintained the necessity of independent consideration from the employee in exchange for the employment contract: "We re-affirm the vitality of the employment-at-will doctrine in Indiana and the general rule that adequate independent consideration is necessary to convert an at-will relationship into an employment relationship requiring an employer to discharge an employee for good cause." *Orr*, 689 N.E.2d at 722. The purported contract here is the Hammond Health Department Personnel Policies, which were promulgated by the Board. Uhlman has not argued that she provided any independent consideration for her employment. And, under *Orr*, the Personnel Policies promulgated by the Board did not convert Uhlman's employment from an at-will relationship. Indeed, under Uhlman's reasoning, no employee covered by the Personnel Policies would be an at-will employee. Thus, we conclude that Uhlman's employment as Administrator of the Department was at-will as a matter of law.

---

**8.** The supreme court has also recognized two other exceptions to the at-will employment doctrine. First, a public policy exception to the employment-at-will doctrine exists if a clear statutory expression of a right or duty is contravened. *Frampton v. Cent. Ind. Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973); *McGarrity v. Berlin Metals*, 774 N.E.2d 71, 76 (Ind.Ct.App.2002), *trans. denied.* Second, in certain instances, an employee may invoke the doctrine of promissory estoppel. *Orr*, 689 N.E.2d at 718. Uhlman does not assert arguments under either of these exceptions in her Appellant's Brief. But in her Reply, she argues that the second exception to the at-will doctrine applies, namely, that she was terminated for "engag[ing] in the exercise of a guaranteed right (free speech) as the Health Board's budget advocate and had a statutorily imposed duty to carry out the Health Board's instructions concerning the budget proceedings of 2005 for year 2006." Reply Brief at 11. But Uhlman did not raise this issue in her Appellant's Brief. As such, the contention is waived. *See* App. R. 46(C).

## Issue Two: Authority to Terminate Employment

 Uhlman next contends that a question of material fact exists as to whether Dr. Panares, as Health Officer of the Department, had authority to terminate her as Administrator without the approval of the Board. At the time of Ulhman's termination, the legislature had enacted statutes providing for the establishment of health boards and departments of health as well as for the operations of those agencies.[9] Former Indiana Code Chapter 16–20–1 prescribed the powers and duties of all local health boards and health officers. In particular, Indiana Code Section 16–20–1–1 (2006) provided, in relevant part, that the "[p]owers and duties described in [Indiana Code Chapter 16–20–1] apply to all local health officers and local health boards." And Indiana Code Section 16–20–1–14(a) (2006) prescribed the duties of local health personnel as follows:

> Local health officers may appoint and employ public health nurses, environmental health specialists, computer programmers, clerks, other personnel, and an administrator of public health, subject to the confirmation of the local board of health, as is necessary and reasonable to carry out and perform the duties of the local health department.

The legislature also enacted statutes governing health departments in second class cities.[10] *See* Ind.Code § 16–20–4–1 (2006) ("This chapter applies to city health departments in second class cities."). "The board of each city health department shall prescribe the duties of all officers and employees." Ind.Code § 16–20–4–16 (2006). The board shall "appoint a health officer[,]" who is "the executive officer for the department[.]" Ind.Code § 16–20–4–20(a), (b) (2006). The city health officer of a second class city "may appoint and employ the professional, clerical, and other employees that are necessary and reasonable to carry out and perform the duties of the department." Ind.Code § 16–20–4–21 (2006). And the health board "shall confirm the appointment of professional employees who are appointed by the health officer and who meet the qualification requirements. . . ." Ind.Code § 16–20–4–23 (2006).

In sum, both the chapter applicable to all health boards and departments and the chapter applicable to second class cities authorized the health officer to "appoint and employ" persons to carry out the duties of the health department. Ind.Code §§ 16–20–1–14, 16–20–4–21 (2006). Professional appointments made by a health officer in a second class city require confirmation by the local board of health.

 Although the statutes describe with particularity the health officer's authority to hire and appoint employees of the health department, the statutes are silent on the health officer's authority to terminate such employees. Thus, we must construe the statutes governing health departments and health boards for guidance on this question. When courts set out to construe a statute, the goal is to determine and give effect to the intent of the legislature. *Cooper Indus., LLC v. City of South Bend,* 899 N.E.2d 1274, 1283 (Ind.2009). The first place courts look for evidence is

**9.** The statutes governing health boards, health officers, and health departments have been revised since the events at issue in this case. We apply the statutes in effect at the time of Uhlman's termination.

**10.** Although the parties cite to statutes governing health departments in second class cities, neither party specifically avers that Hammond is a second class city. Because the status of Hammond as a second class city is not in dispute, we assume as much and proceed accordingly.

the language of the statute itself, and courts strive to give the words their plain and ordinary meaning. *Id.* We examine the statute as a whole and try to avoid excessive reliance on a strict literal meaning or the selective reading of individual words. *Id.* We presume the legislature intended the language used in the statute to be applied logically, consistent with the statute's underlying policy and goals, and not in a manner that would bring about an unjust or absurd result. *Id.*

■ Here, the statutes gave health officers complete discretion in hiring employees to carry out the purpose of the health department. The only ostensible limit in this regard was to require the health officer to obtain board confirmation of appointments. Ind.Code § 16–20–4–21 (2006). Thus, the legislature intended the health officer, as the executive officer of the health department, to have discretion over the hiring decisions for the health department, subject only to Board approval. But there is no corresponding provision in the statute requiring board approval for termination. In construing a statute, we cannot supply missing terms. *See Grave v. Kittle,* 122 Ind.App. 278 101 N.E.2d 830, 832 (1951) (" 'the courts can not extend the plain meaning of a statute by the substitution, or addition, of words or phrases, without encroaching upon the legislative department of the government' ") (citation omitted); *Cooper Indus., Inc. v. Ind. Dep't of State Revenue,* 673 N.E.2d 1209, 1216 (Ind. Tax Ct.1996) (a court may not "supply missing terms to an otherwise plain and unambiguous statute"). Accordingly, we conclude that, as the executive officer of the Department, the Health Officer had unqualified authority to terminate an at-will employment without Board approval.

■ Uhlman also contends that the Board hired her and directed her activities as Administrator of the Department. Therefore, she concludes, only the Board had authority to terminate her. Although we have already concluded that the legislature vested executive authority in the health officer, we nonetheless look to the relevant statutes to determine whether the Board had authority to terminate her as Administrator.

Uhlman is correct that the Board had authority to "prescribe the duties of all officers and employees." Ind.Code § 16–20–1–9 (2006). But, in so doing, the Board listed one of the Administrator's duties as "[p]erforming all duties as assigned by the Health Officer, Health Board, or superior Health jurisdictions." Appellant's App. at 103. Thus, while the Board had statutory authority to prescribe the duties of the Administrator, in doing so the Board made the Administrator answerable to the Health Officer. And, again, the statutes cited above show that Dr. Panares had authority over Uhlman in her position as the Administrator. Thus, Uhlman's contention that only the Board had authority to terminate her employment also must fail.

### Conclusion

We conclude as a matter of law that Uhlman was an at-will employee when she served as Administrator of the health department. She has pointed to no evidence in the record to show that she was employed for a definite term or that she provided adequate consideration to convert the presumptively at-will employment to one in which she could only be terminated for good cause. We further conclude as a matter of law that Dr. Panares, as Health Officer, had authority to terminate Uhlman as Administrator. The legislative scheme in existence when Uhlman was terminated gave the Health Officer executive authority to make employment decisions. Thus, the legislature accorded

broad discretion regarding employment decisions to the Health Officer, as executive officer of the Department. We conclude that the Health Officer's authority to make employment decisions includes the authority to terminate employees without the approval of the Board. And, as an at-will employee, Uhlman could be terminated from her employment for any cause or for no cause at all. *See Trinity Baptist Church v. Howard,* 869 N.E.2d 1225, 1228 (Ind.Ct.App.2007), *trans. denied.* The trial court did not err in granting partial summary judgment to Defendants.

Affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.