# FOR PUBLICATION



FILED
Apr 12 2013, 8:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**EDWARD J. MERCHANT**
Ruckelshaus Kautzman Blackwell
Bemis & Hasbrook
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**ROSEMARY L. BOREK**
Stephenson Morow & Semler
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID R. MERTZ,                           )
                                          )
    Appellant-Plaintiff,              )
                                          )
       vs.                     )    No. 41A01-1206-MI-286
                                          )
CITY OF GREENWOOD, INDIANA,               )
                                          )
    Appellee-Defendant.               )

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Kim Van Valer, Senior Judge
Cause No. 41D01-1112-MI-106

**April 12, 2013**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

David R. Mertz appeals the trial court's order denying his petition to reverse the disciplinary action taken against him by the Greenwood Police Merit Commission ("the Commission") following an evidentiary hearing. Mertz presents a single issue for review, namely, whether the Commission was authorized to hear the particular disciplinary matter against Mertz and impose discipline against him.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The Mayor of Greenwood appointed Mertz to be Assistant Chief ("Assistant Chief") of the Greenwood Police Department ("the Department") on January 1, 2008. Beginning November 2, 2010, Mertz acted as lead investigator in a case involving alleged misconduct by Officer Nicholas Dine. On March 18 the mayor terminated the police chief from that position and removed Mertz from the position of assistant chief.[1] Mertz was subsequently appointed to the rank of Lieutenant in the Department, the rank he had held prior to his appointment as Assistant Chief. As a lieutenant, Mertz worked in a supervisory capacity as shift commander.

At the conclusion of the Dine disciplinary proceedings in early April 2011, the Commission asked a conduct review board to "examine and review the testimony and conduct of some ranking officers regarding their conduct during the investigation and disciplinary proceedings of Nick Dine, one being Lt. David Mertz." Appellant's App. at

---

[1] Mertz asserts that he was removed from the position of Assistant Chief "[a]s a result of actions taken by [him] while serving as lead investigator" in the Officer Dine matter. Mertz's citation to the record does not support that assertion but, instead, merely cites the part of the Order that states the date of Mertz's removal from that position.

2

4. The conduct review board, comprised of Assistant Chief James Ison, Sergeant Russell Crague, and Officer Dan Skeel, reviewed the transcripts from the Dine disciplinary proceedings and concluded that Mertz had violated three rules and regulations in relation to his conduct in the Dine disciplinary proceedings. As a result, on June 27, 2011, Police Chief Richard McQueary filed disciplinary charges against Mertz with the Commission, requesting the Commission to determine whether Mertz should be demoted from the rank of Lieutenant due to his actions while serving as assistant chief and lead investigator in the Dine matter ("the Charges"). In particular, the Charges allege that Mertz committed the following:

Count 1. Violation of Greenwood Police Department Rules and Regulations Established by the Greenwood Board of Public Works and Safety (1979), Rule 2.34 "Conduct Unbecoming an Officer"

"(H) Any act or conduct, which is unethical or tends to ridicule, debasement, disrepute, disgrace or degrade another officer, the department, or otherwise creates disrespect from other officers."

\* \* \*

Count 2. Violation of Greenwood Police Department Rules and Regulations Established by the Greenwood Board of Public Works and Safety (1979), Rule 4.14 "Harmony and Cooperation"

"Employees shall conduct themselves in a manner that will foster the greatest harmony and cooperation between each other, other sections of the department and between other police agencies."

\* \* \*

Count 3. Violation of Greenwood Police Department Rules and Regulations Established by the Greenwood Board of Public Works and Safety (1979), Rule 4.50 "Court Cases and Attendance"

"Employees shall not take part or be concerned either directly or indirectly in making or negotiating any compromise or arrangement for any person

3

with a view of permitting such a person to escape the penalty of law; nor shall they seek to obtain any continuance of any trial in court out of friendship for the defendant or otherwise interfere with the court of justice."

Id. at 5-6.   All of the Charges were based on Mertz's conduct regarding the Dine disciplinary proceedings.

Mertz filed a motion to dismiss the disciplinary proceedings and disciplinary charges, arguing that the Commission was not authorized to pursue disciplinary charges against Mertz because the conduct on which the Charges were based occurred while he was in the position of Assistant Chief.  In support, Mertz cited statutes,[2] a local ordinance, and the Greenwood Municipal Code.  The Commission held an evidentiary hearing on the Charges and the motion to dismiss on November 3, 2011.  Following the hearing, the Commission found as follows:

1.      On or about June 27th, 2011[,] Richard McQueary, Chief of Police for Greenwood Police Department filed Written Charges against Lieutenant David R. Mertz wherein it was alleged that Lieutenant Mertz violated certain rules and regulations of the Greenwood Police Department and Greenwood Municipal Code.

2.      On November 3rd, 2011[,] the Greenwood Merit Commission did conduct a hearing regarding these alleged violations and[,] after due consideration thereof, the Commission[] did make certain findings of fact and determinations.

3.      Specifically, with regard to Count II of the charges, the Merit Board finds that pursuant to definition 2.1 of the general provisions of the Greenwood Police Department Rules and Regulations, the term "Department" shall mean the Greenwood Police Department and that the Merit Board is not included within this definition[.  T]herefore the Board

---

[2]   Mertz cites Indiana Code Section 36-4-4-2, regarding the separation of powers in city government, to show that only the mayor had authority to discipline a chief or assistant chief of police. He also cites Section 36-8-3-4(m), which provides that only the mayor is authorized to discipline a member of the police department who holds an "upper level policy[-]making position." Appellant's Brief at 8.

4

finds that Rule 4.14 "Harmony & Cooperation" is not applicable to this matter.

4.      As to Count III, the Board further finds that the actions of Lieutenant Mertz, while disturbing to the Merit Commission, do not constitute a technical violation of Rule 4.5 of the Greenwood Police Department Rules & Regulations, "Court Cases and Attendance[,"] for the reason that Section 4.5 is not intended to apply to merit board proceedings but is intended to apply in Courts of Law and under penalty of law.

5.      As it relates to Count I of the pending charges, the Board finds that on April 6th and 7th, 2011[,] Lieutenant Mertz was not the Assistant Chief of Police and that he did in fact commit unethical conduct because his actions, by his own admission, were intended to delay and manipulate the Nicholas Dine disciplinary proceedings until the composition of the Merit Board could change. The Merit Board further finds that a Lieutenant in the Police Department is in a position of authority and that the truth and veracity of Lieutenant Mertz's testimony at his own disciplinary hearing continued to remain in question and reflect poorly on the Department. Therefore, Lieutenant Mertz has violated Greenwood Police Department Rules and Regulations, Rule 2.34 "Conduct Unbecoming an Officer" in that his actions and conduct tend to ridicule, debase, disrepute, disgrace or degrade another officer, the department, or otherwise create disrespect from other officers[."]

6.      The Board finds that Lieutenant Mertz's Motion to Dismiss the disciplinary charges should be denied.

Id. at 54-55. As a result, the Commission imposed the following discipline:

A.      That for the violation of Count I, "Conduct Unbecoming[,"] Lieutenant Mertz upon his return to active duty shall be suspended for ten (10) days without pay.

B.      That Lieutenant Mertz will retain the rank of Lieutenant within the Greenwood Police Department.

Id. at 56.

On December 1, Mertz filed a verified petition for judicial review of the Commission's decision, requesting that the trial court rule that the Commission had lacked authority to hear the disciplinary matter against him and to reverse the

5

Commission's determination. On April 26, 2012, the trial court held a hearing on

Mertz's petition, and on May 29 it issued the Order, denying Mertz's request. The Order

provides, in relevant part:

4.  Findings of Fact.
a.  Mertz was appointed Assistant Chief of Police of the Greenwood Police Department on or about January 1, 2008.
b.  During his tenure as Assistant Chief, Mertz served as lead investigator in a misconduct investigation against Officer Nicholas Dine.
c.  Mertz was removed from the position of Assistant Chief by the Mayor in March of 2011. His removal as Assistant Chief resulted in him returning to the rank of Lieutenant.
d.  The Merit Commission held disciplinary proceedings with regard to Officer Dine on April 6th and 7th, 2011[,] at which Mertz testified about his own actions during the investigation.
e.  At the time of the actions about which he testified, Mertz was Assistant Chief of Police, but at the time of his testimony, he was a Lieutenant with the Police Department serving in a supervisory capacity as shift commander.
f.  After his testimony on April 6th and 7th, a Conduct Review Board was convened to review Mertz['s] own conduct, issued a decision on or about June 6, 2011[,] and forwarded the same to Richard McQueary, Chief of Police for the City of Greenwood. The decision of the Review Board resulted in formal charges against Mertz filed with the Merit Commission by Chief McQueary on June 27, 2011.
g.  On November 3, 2011, the Merit Commission heard the charges and issued its Findings of Fact and Judgment. The Merit Commission found that Mertz[]

> did in fact commit unethical conduct because his actions, by his own admission, were intended to delay and manipulate the Nicholas Dine disciplinary proceedings until the composition of the Merit Board could change. The Merit Board further finds that a Lieutenant in the Police Department is in a position of authority and that the truth and veracity of Lieutenant Mertz's testimony at his own disciplinary hearing continued to remain in question and reflect poorly on the Department. Therefore, Lieutenant Mertz has violated Greenwood Police Department Rules and Regulations, Rule 2.34 "Conduct Unbecoming an

6

Officer" in that his actions and conduct tend to ridicule, debase, disrepute, disgrace or degrade another officer, the department, or otherwise create disrespect from other officers[.""]

h. The Merit Commission ordered that "Lieutenant Mertz upon his return to active duty shall be suspended for (10) days without pay." Exhibit E to Mertz'[s] Petition for Judicial Review.

5. Conclusions.

a. Authority of the Court to conduct a Judicial Review of the Merit Commission action.

    i. Indiana Code [S]ection 36-8-3.5-18(a) governs judicial review of merit commission decisions and provides that "[a] member who is aggrieved by a decision of the commission to suspend him for a period greater than ten (10) calendar days, demote him, or dismiss him may appeal to the circuit or superior court of the county in which the unit is located."

    ii. Though Mertz argues that his 10[-]day suspension was applied to "the next ten (10) days the department had scheduled Mertz to work"[], there is no indication of such application in the Findings and Judgment of the Merit Commission issued on November 3, 2011.

    iii. However, if the suspension was, in fact, applied to the next 10 working days and the period from the first day of suspension to the last day of suspension was more than 10 calendar days, the court would have jurisdiction to review the Merit Commission action.[]

b. Authority of the Merit Commission

    i. According to Greenwood Common Council Ordinance No. 93-3 Section 14-27(k) and the Greenwood Municipal Code (1993) Article 12 Section 6-386(k), the city of Greenwood Police Merit Commission may take disciplinary action, including suspension, against any police officer except the Chief or Assistant Chief.

    ii. The Mayor has exclusive authority to appoint and remove the Police Chief and Assistant Police Chief. I.C. 36-8-3.5-11.

    iii. Once removed by the Mayor, the member is appointed to the rank held at the time of the appointment (or a higher rank if promoted while serving as Chief or

7

Assistant Chief) and is subject to discipline by the Merit Commission.

iv. Though the actions for which Mertz was disciplined occurred primarily while he was Assistant Chief, the nature of Mertz['s] actions was determined, at the earliest, by the Conduct Review board in June of 2011 well after he had been removed as Assistant Chief.

v. The extent to which his actions could impact Mertz'[s] fitness or ability to serve in the supervisory capacity to which he was appointed as Lieutenant could not have been properly evaluated until the nature of his actions was determined.

vi. Once removed as Assistant Chief, the Merit Commission had the authority to consider disciplinary action against Lieutenant Mertz.

c. Judicial Review.

i. The Court declines to find the Merit Commission's decision to suspend Lieutenant Mertz willfully unreasonable considering the facts and circumstances revealed by the record presented for review.

Id. at 1-3 (emphasis in original). Therefore, the trial court denied Mertz's petition for review. Mertz now appeals.

**DISCUSSION AND DECISION**

Judicial review of administrative decisions is very limited. City of Indianapolis v. Woods, 703 N.E.2d 1087, 1090 (Ind. Ct. App. 1998) (citing City of Greenwood v. Dowler, 492 N.E.2d 1081, 1084 (Ind. Ct. App. 1986)), trans. denied. Deference is to be given by the reviewing court to the expertise of the administrative body. Id. (citation omitted). Discretionary decisions of administrative bodies, including those of police merit commissions, are entitled to deference absent a showing that the decision was arbitrary and capricious, or an abuse of discretion, or otherwise not in accordance with law. Id. Further, review is limited to determining whether the administrative body

8

adhered to proper legal procedure and made a finding based upon substantial evidence in accordance with appropriate constitutional and statutory provisions. Id. at 1090-91. The reviewing court may not substitute its judgment for that of the administrative body or modify a penalty imposed by that body in a disciplinary action, without a showing that such action was arbitrary and capricious. Id. at 1091.

> Additionally,
>
> the challenging party has the burden of proving that an administrative action was arbitrary and capricious. An arbitrary and capricious decision is one which is patently unreasonable. It is made without consideration of the facts and in total disregard of the circumstances and lacks any basis which might lead a reasonable person to the same conclusion. Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. The evidence is not to be reweighed by a reviewing court.

Id. (citation omitted). This case involves the construction of a municipal ordinance and a municipal code. When this court construes a municipal ordinance, we apply the rules applicable to statutory construction. City of Jeffersonville v. Hallmark at Jeffersonville, L.P., 937 N.E.2d 402, 406 (Ind. Ct. App. 2010) (citing City of Indianapolis v. Campbell, 792 N.E.2d 620, 624 (Ind. Ct. App. 2003)), trans. denied. The primary rule of statutory construction is to ascertain and give effect to the intent of the statute's drafters. Id. (citation omitted). The best evidence of that intent is the language of the statute, and all words must be given their plain and ordinary meaning unless otherwise indicated by the statute. Id. (citation omitted).

The Johnson Superior Court initially reviewed the Commission's decision. We, in turn, review the trial court's decision which affirmed the Commission.

In order to properly adjudge whether the initial review was erroneous, we necessarily look through its decision to consider the validity of the Commission's determination.[fn] In so doing, we use the same standard which was required to be applied in the initial review, as to those facts and conclusions addressed by the Merit Board.

> Footnote: In this regard, our review is unlike the appellate review of an original trial court decision or judgment. In such instance it is the obligation of this tribunal to give deference to the discretionary prerogatives of the trial court. This is particularly so with respect to factual determinations. <u>Haseman v. Orman</u> (1997) Ind., 680 N.E.2d 531; <u>Kennedy v. Kennedy</u> (1997) Ind. App., 688 N.E.2d 1264, <u>trans. denied</u>.

<u>See</u> <u>id.</u>

Mertz contends that the trial court erred when it concluded that the Commission had authority to consider disciplinary action against him after he was removed as Assistant Chief for conduct that occurred while he was Assistant Chief. In support of his contention that the Commission lacked authority in this case, Mertz relies on municipal code provisions and a local ordinance. Specifically, City of Greenwood Municipal Code article 12, section 6-386 and Greenwood Ordinance No. 93-3, section 14-27 provide, in relevant part:

> (j) Authorization for discipline. Any police officer may be disciplined by the commission for any reason authorized by I.C. 36-8-3-4, as amended, by this Ordinance, as amended, or by department rules and regulations existing at the time of the act constituting the alleged offense.
>
> (k) Disciplinary action that may be taken. The commission may take the following disciplinary actions against any police officer <u>except the chief or assistant chief of police</u>:
>
> > (1) Reprimand;
> > (2) Suspension with or without pay;
> > (3) Demotion;
> > (4) Dismissal;
> > (5) Forfeiture;

(6) Administrative leave.[]

Appellant's App. at 69, 83 (emphasis added).[3]

Mertz contends that the Commission lacked authority to discipline him because his discipline was based on conduct which occurred while he was Assistant Chief of the Department.[4] In support he points out that the Assistant Chief of the Department serves at the pleasure of the mayor. And he relies on City of Greenwood Municipal Code article 12, section 6-386 and Greenwood Ordinance No. 93-3, section 14-27, which provide that the Commission may not take any of the enumerated disciplinary actions against a chief or assistant chief of police. These provisions also refer to the "rules and regulations existing at the time of the act constituting the alleged offense." Greenwood, Inc., Municipal Code art. 12, § 6-386(j), Greenwood, Ind., Ordinance No. 93-3, § 14-27(j). Mertz construes these provisions to mean categorically that the Commission lacks authority to discipline an officer for conduct committed while he was serving as chief or assistant chief of police. We cannot agree.

First, the plain language of the municipal code and ordinance does not squarely address the question before us. In other words, the municipal code and the ordinance are silent as to whether a chief or assistant chief can be disciplined for conduct that occurred while holding one of those offices. But while the chief of police and the assistant chief

---

[3] The quoted portions of the Greenwood Municipal Code and the Greenwood Ordinance are identical except for a footnote in the ordinance. That footnote is not material to this case.

[4] The Commission also contends that the Commission had authority to discipline Mertz for his conduct at his own disciplinary hearing after he was removed from office. On these facts we cannot agree because at the hearing in question Mertz was charged only with past misconduct. He was not charged and could not have been charged with conduct that had not yet taken place. As such, the Commission's finding against the truth and veracity of Mertz's testimony was a valid credibility determination but did not constitute independent grounds to discipline Mertz in the same proceeding.

serve at the pleasure of the mayor, they remain police officers subject to the same professional standards as other police officers. Greenwood Municipal Code article 12, section 6-386 and Greenwood Ordinance No. 93-3, section 14-27 provide that "any police officer may be disciplined for any reason authorized by [Indiana Code Section 36-8-3-4], as amended, by this Ordinance, as amended, or by department rules and regulations existing at the time of the act constituting the alleged offense."

Mertz was at all relevant times a police officer, and, as such, he was subject to the same professional standards as other police officers. And, at the time of his disciplinary proceedings, Mertz was neither a chief nor assistant chief of police, and the Commission applied the statute, ordinances, and department rules and regulations that were in effect at the time of his conduct. Mertz proposes that we interpret the municipal code and ordinance to prohibit any discipline by the Commission for misconduct by a chief or assistant chief of police. But such an interpretation is untenable because it would undermine the entire command structure. Under Mertz's interpretation, superior officers would not be subject to the same professional standards and rules of conduct as the officers whom they command.

Moreover, under Mertz's construction of the municipal code and ordinance, the chief and assistant chief of police would be immune from liability except for removal from office by the appointing authority. For example, if a mayor reduced a chief or assistant chief to the rank of a "regular member" of the police department but imposed no other discipline, then such an officer might well escape any further accountability for the

offense.[5]  Mertz's interpretation would lead to absurd results.  See City of Carmel v. Steele, 865 N.E.2d 612, 618 (Ind. 2007) ("we do not presume that the Legislature intended language used in a statute to be applied . . . to bring about an unjust or absurd result."); Curley v. Lake Count Bd. of Elections & Registration, 896 N.E.2d 24, 34 (Ind. Ct. App. 2008), trans. denied.[6]

We find an analogous situation in our state constitution relating to whether state legislators are subject to prosecution for criminal offenses.  Specifically,

> Senators and Representatives, in all cases except treason, felony, and breach of the peace, shall be privileged from arrest, during the session of the General Assembly, and in going to and returning from the same; and shall not be subject to any civil process, during the session of the General Assembly, nor during the fifteen days next before the commencement thereof.  For any speech or debate in either House, a member shall not be questioned in any other place.

Ind. Const. art. 4, § 8.  In other words, during the legislative session, state legislators are exempt from prosecution for all offenses except treason, felony, and breach of the peace. However, once the legislative session has ended, the legislators are no longer immune from prosecution.  Similarly, here, the chief and assistant chief of the Greenwood Police Department are immune from discipline by the Commission while they serve in those offices.  But, again, they are at all times police officers.  And in the event they are demoted from chief or assistant chief, their immunity from discipline by the Commission, granted by the municipal code and ordinance, no longer exists.

---

[5]  The parties point to no legal authority to show how and to what extent the mayor may discipline the chief or assistant chief of the Department aside from removing them from office.

[6]  Mertz makes no argument under Indiana Code Section 36-8-3.5-1 through -23.  And this case can be adequately disposed of under the municipal ordinances discussed above.  Therefore, we need not consider the question suggested by the City, whether Indiana Code chapter 36-8-3.5 governs merit commission issues in Greenwood.

13

We must reconcile two provisions in apparent conflict with each other. First, again, the City of Greenwood Municipal Code article 12, section 6-386(j) and Greenwood Ordinance No. 93-3, section 14-27(j) provide that any police officer may be disciplined by the Commission for any reason authorized by statute, ordinance, or department rules and regulations existing at the time of the act constituting the alleged offense. But subsection (k) of both the municipal code and the ordinance provides that "any police officer <u>except the chief or assistant chief</u> of police" may be reprimanded, suspended, demoted, dismissed, forfeited, or placed on administrative leave. Appellant's App. at 69, 83 (emphasis added). In construing subsection (k), we must consider not only what it says but also what it does not say. <u>See</u> <u>State v. Dugan</u>, 793 N.E.2d 1034, 1036 (Ind. 2003). The exception is for "the chief or assistant chief of police," which speaks to the present. The words "former chief" or "former assistant chief" or the equivalent do not appear in the text of the code or ordinance. In construing an ordinance, we cannot supply missing terms. <u>See</u> <u>Uhlman v. Panares</u>, 908 N.E.2d 650, 657 (Ind. Ct. App. 2009). Those ordinances do not provide that a police officer serving as either chief or assistant chief when the act constituting the alleged offense occurs is immune from discipline by the Commission at a later date. Subsection (k) is an exception to the Commission's general authority to discipline any police officer and, as such, should be strictly construed. <u>See</u> <u>Robinson v. Indiana University</u>, 659 N.E.2d 153, 156 (Ind. Ct. App. 1995) (holding exceptions to a statute should be strictly construed), <u>trans. denied</u>. The burden of proving the exception is upon the party claiming it. <u>Id.</u> Thus, Mertz appeals from a negative judgment on this issue. Subsection (k) does not by its terms

14

grant an absolute, durable immunity that survives when an officer is no longer chief or assistant chief of police, and Mertz has not shown otherwise.

When two provisions are in apparent conflict, we must construe them harmoniously if reasonably possible. See Wilson v. Isaacs, 929 N.E.2d 200, 203 (Ind. 2010). Mertz contends that the exception nullifies in perpetuity the Commission's general authority under the Greenwood Municipal Code and the ordinance to discipline a police officer if the conduct in question occurred while the officer was also the chief or assistant chief. Instead, we conclude that the purpose of the exception is to prevent the Commission from interfering with the mayor's executive authority over the police department which the mayor exercises through his appointments of the chief and assistant chief. Here, the Commission did not interfere with the mayor's authority over administration of the police department because Mertz was no longer assistant chief when the Commission considered the disciplinary charges against him. Thus, we hold that the exception is not absolute but suspends the Commission's authority to discipline an officer while he holds the appointment as chief or assistant chief. Once the mayor has terminated the appointment or the appointment otherwise ends, the purpose of the exception no longer exists, and the exception no longer applies.

Mertz has not met his burden to show that the trial court determination, upholding the Commission's interpretation of the relevant ordinances, is arbitrary and capricious, an abuse of discretion, or otherwise contrary to law. Woods, 703 N.E.2d at 1090. Therefore, Mertz has not met his burden to prevail on appeal, and we affirm the determination of the trial court that the Commission had authority to hear the disciplinary

15

proceeding against Mertz, a former Assistant Chief of the Department, based on conduct that occurred while he was serving as Assistant Chief, and to impose discipline against him.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.