Donna F. **FRENCH**, Appellant–Plaintiff,

v.

**BRISTOL MYERS COMPANY,**
Appellee–Defendant.

No. 82A01–9102–CV–00040.

Court of Appeals of Indiana,
First District.

July 15, 1991.

Allan G. Loosemore, Jr., Shaw & Loose-
more, P.C., Evansville, for appellant-plain-
tiff.

Mark J. Roberts, Todd J. Kaiser, Locke Reynolds Boyd & Weisell, Indianapolis, for appellee-defendant.

ROBERTSON, Judge.

Donna F. French appeals from the grant of Bristol Myers Company's motion for summary judgment with respect to her complaint of negligence per se on the part of the Company. On appeal, she claims the trial court improperly granted summary judgment because it found the Company had not violated an Evansville City Ordinance as a matter of law. We reverse.

Initially, we must set out the well-settled standard for summary judgment. The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Bassett v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18. When we review a motion for summary judgment, we apply the same standard as that employed by the trial court. *King v. Bartholomew County Hosp.* (1985), Ind.App., 476 N.E.2d 877, *trans. denied.* Summary judgment is appropriate only when the designated evidentiary matter shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. *Peterson v. Culver Educational Foundation* (1980), Ind.App., 402 N.E.2d 448. Summary judgment is a lethal weapon and courts must be mindful of its aims and targets and beware of overkill in its use. *Mayhew v. Deister* (1969), 144 Ind.App. 111, 244 N.E.2d 448.

French filed suit against Bristol Myers for personal injuries. She alleged the Company had allowed hedges around its parking lot to grow in violation of duty imposed by the following Evansville City Ordinance:

Section 96.10 OBSTRUCTING DRIVER'S VIEW

No owner, occupant, or tenant of any real estate abutting any street intersections, alley-street intersections, and intersections of public, business, and service driveways with streets shall permit any trees, plants, shrubbery, signs, parked vehicles, or any other object which obstructs or tends to obstruct the view of any operator of a vehicle or of a pedestrian approaching the intersections to grow to a height in excess of three feet from the grade of the curb intersections thereof. Any owner or occupant of any property abutting any street intersection, alley-street intersections, and intersections of public, business, and service driveways with streets who shall fail to comply with this section shall be given notice of noncompliance by leaving a copy of the notice with any occupant or owner of the real estate or by posting the notice on the real estate. Failure thereafter within five days to comply shall constitute a violation of this section.

French's complaint alleged the Company allowed the hedges to grow more than three feet high within twenty-five (25) feet of the curb of the intersection where she received personal injuries in an automobile accident. She claimed this failure to appropriately keep the hedges proximately caused her injuries. Bristol Myers moved for summary judgment because it had received no notice of noncompliance with the ordinance and therefore could not have "violated" the ordinance. French conceded no proof existed that showed the Company had received notice of noncompliance from the City of Evansville for violation of the ordinance, and the trial court granted summary judgment with respect to the negligence per se allegation. The trial court let her continue to trial on her common law negligence complaint, however; and the jury returned a general verdict in favor of Bristol Myers.

On appeal, French claims Bristol Myers did not have to receive notice of noncompliance and then fail to comply within five (5) days in order to violate the ordinance under the doctrine of negligence per se. She claims the ordinance imposes a duty upon property owners to prevent obstructions to views of drivers and Bristol Myers violated that duty even though the City of Evansville did not issue notice of compliance to

which the Company failed to comply after five (5) days. Of course, Bristol Myers still contends that no notice and lack of compliance within five (5) days precludes "violation" of the ordinance.

The unexcused or unjustified violation of a duty proscribed by a statute or ordinance constitutes negligence per se if the statute or ordinance is intended to protect the class of persons in which the plaintiff is included and to protect against the risk of the type of harm which has occurred as a result of its violation. *Rubin v. Johnson* (1990), Ind.App., 550 N.E.2d 324, *trans. denied. See Prest–O–Lite Co., v. Skeel* (1914), 182 Ind. 593, 106 N.E. 365; *Dawson by Dawson v. Long* (1989), Ind. App., 546 N.E.2d 1265, *trans. denied.* The fact that a statute imposes a penalty for its violation will not prevent an action for damages resulting therefrom. Municipal ordinances have the same local force and effect as statutes, and hence the same rule will apply. *Union Traction Co. v. City of Muncie* (1921), 80 Ind.App. 260, 133 N.E. 160.

The legislative intention is to be kept in view in construing and applying a statute. *Grubb v. Auburn Hotel* (1931), 96 Ind.App. 672, 176 N.E. 19. Again, the same holds true for an ordinance. We therefore must consider the intention of the body which passed the above ordinance, as this will control over the strict letter of the ordinance or the literal import of particular terms or phrases. *Id.*

As we view the ordinance, no persons with control over property in the City of Evansville shall permit items on their property within twenty-five (25) feet of intersections to obstruct or tend to obstruct the view of drivers or pedestrians who come into contact with the intersections. One such situation occurs when shrubbery is allowed to grow to a height in excess of three feet from the grade of the curb intersections. This appears to us to have been enacted for the safety of those who come into contact with the intersections, whether transported by vehicle or by foot. The class of persons to be protected and the risk of harm to be prevented include French and her injuries. She was the passenger in a mini-van which passed through the intersection and collided with an automobile.

The ordinance also states that if the person fails to comply with this section of the ordinance, a notice of noncompliance shall be issued; and the section shall be "violated" if the person fails to comply with it within five (5) days. We do not, however, believe that the ordinance is not violated in the negligence per se sense even if it is not "violated" for purposes of imposing a fine. The obvious purpose of the statute is the safety of persons who approach the intersection. That purpose will be thwarted, not advanced, by a construction of the statute which excuses an owner because of a lack of notice from the City of Evansville, an entity over which a plaintiff has no control, when the owner admittedly failed to "comply" with the ordinance. It is the ordinance and not the notice from the City of Evansville that imposes the duty upon the responsible person to prevent the obstruction of views at intersections. *See Steiert v. Coulter* (1913), 54 Ind.App. 643, 102 N.E. 113, *modified on other grounds*, 54 Ind.App. 657, 103 N.E. 117.

We believe this construction is intended and required by the wording of the ordinance. Likewise, we conclude this ordinance was intended to be used to define the scope of duty in a negligence per se claim. The jury could certainly have found Bristol Myers violated its duty, as defined by the ordinance, when it failed to comply with actions which would have implemented the safety concerns of that ordinance. The grant of summary judgment on this issue prevented the jury from doing so. A genuine issue of material fact still exists with respect to breach of Bristol Myers' duty to French in this respect, and the trial court improperly found the Company was entitled to judgment as a matter of law.

Bristol Myers claims that, even if the trial court inappropriately granted summary judgment on the negligence per se claim, the error is harmless because French was allowed to proceed on a common law

negligence claim. *Cf. Hurst v. Board of Comm'rs of Pulaski County* (1985), Ind., 476 N.E.2d 832. We do not agree.

█ When the breach of a statutory duty is held to be negligence per se, or negligence as a matter of law, the court holds that the legislature has created an absolute duty, which cannot be escaped by attempting to prove that the breach was in fact done in the exercise of due care. *Northern Indiana Transit, Inc. v. Burk* (1950), 228 Ind. 162, 89 N.E.2d 905. In this case, the trial court instructed the jury, essentially, that negligence is the failure to exercise reasonable or ordinary care. While the jury was permitted to consider the ordinance in its deliberation together with all of the other evidence to determine whether Bristol Myers had met its duty of care, the trial court specifically instructed the jury that it had ruled prior to the beginning of the trial as a matter of law that the Company did not violate the ordinance because it had never been provided notice of non-compliance by the City of Evansville.

Here, the trial court allowed the case to proceed on a negligence claim and the jury returned a general verdict in favor of Bristol Myers. French did not present her case which alleged that, despite any due care on the part of Bristol Myers, the Company had an unfulfilled, positive duty created by the ordinance. *See Smith v. Cook* (1977), 172 Ind.App. 610, 361 N.E.2d 197. Inasmuch as the jury did not have the opportunity to employ the correct standard of care to an appropriate claim, we cannot say the exclusion of the negligence per se claim constituted harmless error.

Judgment reversed.

STATON and BAKER, JJ., concur.