ATTORNEY FOR APPELLANTS
William E. Beck II
Kokomo, Indiana

Whitney K. Beck
Student Legal Intern
Kokomo, Indiana

ATTORNEYS FOR APPELLEES
Ian L. Stewart
Michael R. Morow
Stephenson Morow & Semler
Indianapolis, Indiana

ATTORNEYS FOR
AMICUS CURIAE
Office of the Attorney General
Gregory F. Zoeller
Attorney General of Indiana

Thomas M. Fisher
Solicitor General

Heather L. Hagan
Deputy Attorney General

Ashley E. Tatman
Deputy Attorney General
Indianapolis, Indiana



FILED
Jun 28 2010, 10:34 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 09S05-1003-CV-149

RICHARD PATRICK WILSON AND
BILLY DON WILSON,                                    *Appellants* (*Plaintiffs below*),

v.

GENE ISAACS, SHERIFF OF CASS COUNTY, AND
BRAD CRAVEN,                                         *Appellees* (*Defendants below*).

Appeal from the Cass Superior Court, No. 09D01-0708-CT-13
The Honorable Thomas C. Perrone, Judge

On Transfer from the Indiana Court of Appeals, No. 09A05-0906-CV-344

**June 28, 2010**

**Dickson, Justice.**

In this action for damages the plaintiffs allege that Deputy Brad Craven of the Cass County Sheriff's Department discharged his taser gun into Richard Patrick Wilson three times,

two of which occurred after Wilson was laying immobile on the ground. Seeking immunities under the Indiana Tort Claims Act, the defendants obtained summary judgment from the trial court. The Court of Appeals affirmed the summary judgment for the Deputy, but reversed summary judgment as to the Sheriff. Wilson v. Isaacs, 917 N.E.2d 1251, 1258 (Ind. Ct. App. 2009). Both defendants sought transfer, challenging the partial reversal of summary judgment.[1] We hold that a law enforcement officer's use of force in excess of the reasonable force authorized by statute is not shielded from liability under the "enforcement of a law" immunity provided in Indiana Code § 34-13-3-3(8) and that genuine issues of fact exist, precluding summary judgment.

As to the claims against the Sheriff of Cass County for the actions of Deputy Craven, the defendants sought summary judgment in the trial court, asserting "Indiana's law enforcement immunity found at Ind. Code § 34-13-3-3(8)." Appellants' App'x at 200. In its order granting summary judgment, the trial court did not specify the basis for its decision. *Id.* at 10. The defendants argue that there is undisputed evidence showing the deputy was engaged in acts as a law enforcement officer enforcing the law when the events giving rise to the suit occurred. They assert:

> Both Plaintiffs have admitted that they knew that Deputy Craven was a police officer when he arrived . . . and when he tazered Richard Wilson. Plaintiffs both saw that Deputy Craven was in uniform and was in a marked patrol car. Plaintiffs knew that there were a number of other police officers present who were in uniform and were driving marked police cars. Moreover, Plaintiffs had just witnessed Deputy Craven arrest their younger brother.

Appellees' Br. at 14 (internal citations omitted).

In relevant part, the specific Indiana Tort Claims Act immunity provision at issue provides as follows:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following:
> * * *
> (8) The . . . enforcement of . . . a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment.

---

[1] The plaintiffs did not seek relief on transfer as to the portion of the Court of Appeals decision affirming summary judgment against the plaintiffs as to their claims against the deputy personally. As to this issue, we summarily affirm the Court of Appeals. Ind. Appellate Rule 58(A)(2).

2

Ind. Code § 34-13-3-3.  The defendants correctly point out that the plaintiffs are not asserting a claim for false arrest or false imprisonment.

The plaintiffs contend on appeal that the government is not immune from liability for the deputy's conduct because disputed facts exist regarding whether the deputy used unreasonable and excessive force contrary to Indiana Code § 35-41-3-3(b), which provides in relevant part: "A law enforcement officer is justified in using reasonable force if the officer reasonably believes that the force is necessary to effect a lawful arrest."  *Id.*  The plaintiffs argue that at no time during the incident did either of them pose any threat to Deputy Craven or others, that neither of the plaintiffs had a weapon, and that neither were sought by law enforcement nor had any prior criminal record.  They assert that the deputy's actions were unreasonable and excessive when he "proceeded to taze the obedient plaintiff multiple times, shocking him repeatedly with 50,000 volts of electrical current."  Appellants' Br. at 9.

The parties do not dispute that there are contested issues of fact regarding whether the deputy's actions constituted or exceeded reasonable force.  The issue is instead whether the law enforcement immunity is available to shield the government from liability for such claims.  In reviewing an appeal from a summary judgment ruling, an appellate court applies the same standard as the trial court and thus affirms summary judgment only if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Ind. Trial Rule 56(C); *see* <u>Row v. Holt</u>, 864 N.E.2d 1011, 1013 (Ind. 2007).  Where as here the dispute is one of law rather than fact, a *de novo* standard of review applies.  <u>Freidline v. Shelby Ins. Co.</u>, 774 N.E.2d 37, 39 (Ind. 2002).

Whether a police officer's use of unreasonable or excessive force is immune from suit under the Indiana Tort Claims Act's law enforcement immunity is not a new legal question.  In <u>Kemezy v. Peters</u> we declared, "the use of excessive force is not conduct immunized" by the "enforcement of a law" immunity of the Indiana Tort Claims Act.  622 N.E.2d 1296, 1297 (Ind. 1993).  As emphasized in <u>Kemezy</u>, Indiana law had long recognized that "law enforcement officers owe a private duty to refrain from using excessive force in the course of making arrests."  *Id.*  Ten years later, in <u>King v. Northeast Sec., Inc.</u>, we explained that this immunity is restricted

3

to the "enforcement of laws that are within the assignment of the governmental unit," and "the legislature intended that a governmental entity be immune only for failing to . . . enforce a law that falls within the scope of the entity's purpose or operational power."  790 N.E.2d 474, 482, 483 (Ind. 2003).

The defendants argue that the rule in Kemezy no longer applies because it was based on a public/private duty test for law enforcement immunity that was subsequently disavowed in Benton v. City of Oakland City, 721 N.E.2d 224, 230 (Ind. 1999).  This position is supported by City of Anderson v. Davis, 743 N.E.2d 359, 365 n.4 (Ind. Ct. App. 2001), *trans. denied*, but was rejected by the Court of Appeals in the present case.  Wilson, 917 N.E.2d at 1257.

The resolution of this question is guided by our unanimous opinion in Patrick v. Miresso, 848 N.E.2d 1083 (Ind. 2006).  Miresso did not involve a claim of excessive police force but the analogous claim of an officer's negligent operation of a police vehicle while pursuing a fleeing suspect.  Addressing the impact of Benton upon the availability of the law enforcement immunity, we noted its implicit modification of the public/private duty test but vigorously rejected the claim that Benton operated to expand the availability of the immunity.  *Id.* at 1085–87.  We concluded by holding that the Indiana Tort Claims Act's law enforcement immunity "does not shield governmental entities and personnel from liability resulting from a breach of the statutory duty to operate emergency vehicles 'with due regard for the safety of all persons.'"  *Id.* at 1087 (*quoting* Ind. Code § 9-21-1-8(d)(1)).[2]

In Miresso, the statutory immunity was construed in conjunction with the statutory requirement that emergency vehicles be operated "with due regard for the safety of all persons."  Ind. Code § 9-21-1-8(d)(1).  Noting that statutes in apparent conflict should be construed harmoniously if reasonably possible, we declined to extend the immunity to claims of government negligence in operating emergency vehicles.  Analogous to the statutory duty of due regard in the operation of emergency vehicles is the statutory provision authorizing a law enforcement officer's use of reasonable force but only "if the officer reasonably believes that the force is necessary

---

[2] Our holding in Miresso was unanimously reasserted in the companion case of City of Indianapolis v. Garman, 848 N.E.2d 1087 (Ind. 2006).

4

to effect a lawful arrest." Ind. Code § 35-41-3-3(b). If an officer uses unnecessary or excessive force, the officer may commit the torts of assault and battery. Crawford v. City of Muncie, 655 N.E.2d 614, 622 (Ind. Ct. App. 1995), *trans. denied*; City of South Bend v. Fleming, 397 N.E.2d 1075, 1077 (Ind. Ct. App. 1979), *trans. not sought*. As in Miresso, we find that the statutory provision restrains the statutory immunity from erecting a shield to liability for conduct contrary to the statute.[3] Accordingly, the contrary view expressed in City of Anderson is disapproved.

Although we conclude that the law enforcement immunity of the Indiana Tort Claims Act does not shield the government from liability for excessive force by police, there remain genuine issues of material fact regarding whether Deputy Craven's conduct was reasonable and whether he reasonably believed that the force he used was "necessary to effect a lawful arrest." Ind. Code § 35-41-3-3(b). These factual issues remain for resolution at trial.

**Conclusion**

We reverse the trial court's grant of summary judgment as to the plaintiffs' liability claims against the Sheriff of Cass County for the conduct of Deputy Craven. As to the plaintiffs' claims against Deputy Craven personally, we summarily affirm the decision of the Court of Appeals affirming summary judgment.

Sullivan, Boehm, and Rucker, JJ., concur. Shepard, C.J., dissents without opinion.

---

[3] As Judge Hamilton insightfully observed, "[o]ne should not conclude too readily that the Indiana legislature intended to leave Indiana citizens without a remedy under state law if police officers inflict unreasonable and excessive force upon them." Fidler v. City of Indianapolis, 428 F. Supp. 2d 857, 867 (S.D. Ind. 2006).