## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 31 2017, 10:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jean M. Blanton
Clifford R. Whitehead
Ziemer Stayman Weitzel &
Shoulders, LLP
Evansville, Indiana

ATTORNEY FOR APPELLEE

Charles L. Berger
Berger & Berger, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Vanderburgh County, Indiana,

*Appellant-Defendant,*

v.

Mike Hertweck, on behalf of himself and all others of the Vanderburgh County Sheriff's Department similarly situated,

*Appellee-Plaintiff.*

May 31, 2017

Court of Appeals Case No.
74A04-1610-PL-2409

Appeal from the Spencer Circuit Court

The Honorable Jonathon A. Dartt, Special Judge

Trial Court Cause No.
74C01-0510-PL-404

**Robb, Judge.**

# Case Summary and Issue

In 1999, Mike Hertweck—on behalf of himself and all other Vanderburgh County Sheriff's Department members similarly situated—sued Vanderburgh County claiming the County failed to provide overtime compensation. Seventeen and one-half years later, the trial court denied the County's motion for summary judgment. The County now appeals, raising four issues for our review, which we consolidate and restate as whether the trial court erred in denying the County's motion for summary judgment. Concluding the trial court erred in denying the County's motion and the County is entitled to judgment as a matter of law, we reverse and remand.

# Facts and Procedural History

In the months of January through March 1984, Hertweck was an at-will employee of the Vanderburgh County Sheriff's Department training as a probationary deputy at the Indiana Law Enforcement Academy ("ILEA").[1] The training schedule provided Hertweck would spend twelve weeks training for forty hours a week for a total of 480 hours. However, Hertweck worked approximately 750 hours during his time at the ILEA and the County did not compensate him for overtime. On February 26, 1999, Hertweck filed a class action complaint against the County alleging the County violated state law in

---

[1] References to Hertweck are references to Hertweck individually and as representative of the class.

failing to compensate for overtime. On July 13, 2015, the County moved for summary judgment, which the trial court denied. This appeal ensued.

# Discussion and Decision

## I. Standard of Review

> We review an appeal of a trial court's ruling on a motion for summary judgment using the same standard applicable to the trial court. Summary judgment is appropriate only if the evidence designated by the parties shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. All facts and reasonable inferences drawn from the facts are construed in favor of the non-moving party. When material facts are not in dispute, our review is limited to determining whether the trial court correctly applied the law to the undisputed facts. We review a question of law de novo.

*Wynkoop v. Town of Cedar Lake*, 970 N.E.2d 230, 233 (Ind. Ct. App. 2012) (citations and quotations omitted), *trans. denied*.

## II. Breach of Contract

[3] The County contends the trial court erred in denying its motion for summary judgment, arguing Hertweck's claim is waived for failure to comply with Indiana's notice pleading requirements.[2] We agree.

---

[2] The County raised this argument in its motion for summary judgment and in its brief. Hertweck did not respond to this argument at any point.

Instituted in 1970, Indiana's notice pleading system provides that pleadings need not adopt a specific legal theory of recovery to be adhered to throughout the case, but the pleadings must plead the operative facts so as to notify the defendant of the evidence to be presented at trial. *Stryczek v. Methodist Hosps., Inc.*, 694 N.E.2d 1186, 1191 (Ind. Ct. App. 1998), *trans. denied*. Here, Hertweck's complaint raises one claim broadly alleging members of the Vanderburgh County Sheriff's Department, including himself, were "deprived of compensation for overtime" in violation of "certain laws of this state." Appellant's Appendix, Volume 2 at 24-25. Hertweck did not allege the County violated any federal statutes or common law, nor did he cite to a specific state law he believed the County violated. Now, Hertweck appears to have given up on his claim the County violated state law.[3] As stated in his brief in opposition to the County's motion for summary judgment and again in his Brief of Appellee, Hertweck's current claim is the County violated its own personnel policy in failing to compensate Hertweck for overtime. Stated differently, Hertweck is now proceeding with a common-law breach of contract claim. As the County properly asserts, Hertweck's complaint is completely devoid of any operative facts pertaining to a breach of contract claim apart from his central

[3] Even assuming Hertweck proceeded under the theory the County violated state law, our review indicates the only state law potentially applicable to this case is the Indiana Minimum Wage Law. The Indiana Minimum Wage Law, however, dictates that employers who are subject to the minimum wage provision of the Fair Labor Standards Act ("FLSA") are *not* governed by the Indiana Minimum Wage Law. Ind. Code § 22-2-2-3 (defining "Employer"). The FLSA's definition of an employer includes public agencies, 29 U.S.C. § 203(d), and political subdivisions of a state are included within the definition of public agencies, 29 U.S.C. § 203(x). Indiana defines counties of the State as political subdivisions. Ind. Code § 34-6-2-110. Therefore, the County is governed by the FLSA, not the Indiana Minimum Wage Law.

claim he was not compensated for overtime.[4]  For this reason, Hertweck's claim for breach of contract is waived and the County is entitled to judgment as a matter of law.

# Conclusion

The trial court erred in denying the County's motion for summary judgment. Accordingly, we reverse and remand to the trial court with instructions to enter judgment in favor of the County.

Reversed and remanded.

Vaidik, C.J., and Bailey, J., concur.

---

[4] We take this opportunity to address a general concern.  The designated evidence indeed establishes the County's personnel policy, which the County adopted by ordinance, includes a provision that certain employees of the County are entitled to overtime compensation.  However, because we conclude Hertweck waived any breach of contract claim, we need not address whether this policy would otherwise entitle Hertweck to relief.  Nonetheless, language such as this that is often included in local personnel ordinances or employee manuals typically has the effect of encouraging employees into believing they have legal rights even though ordinances and employee manuals are often not legally binding in cases such as this. *See, e.g., Wynkoop*, 970 N.E.2d at 239 (Robb, J., concurring in result).